IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICt OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FELIX TORRES, SR. <br><br> Plaintiff <br><br> v. <br><br> THE UNITED STATES OF AMERICA; NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO, Individually and as Agents of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT <br><br> Defendants | No. 1:19-cv-06546 <br><br> Judge _____ <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, FELIX TORRES, SR., by and through his attorneys, ROMA-NUCCI & BLANDIN, LLC, and for Plaintiff's Complaint at Law against Defendants, UNITED STATES OF AMERICA; NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO, Individually and as Agents of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, pleading hypothetically and in the alternative, states as follows:

### JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

### NATURE OF ACTION

2. This cause of action arises from the battery, false arrest, and intentional infliction of emotional distress against FELIX TORRES, SR., by federal members of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT (hereinafter "I.C.E.") on

March 27, 2017, at or near 6159 West Grand Avenue, in the city of Chicago, County of Cook, State of Illinois.

3. This cause of action arises from those injuries caused on March 27, 2017 by the Defendants NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO, Agents of the UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, committed against the Plaintiff, FELIX TORRES, SR., through their negligence under the Federal Tort Claims Act (28 U.S.C. § 2671) as set forth herein.

4. Plaintiff, FELIX TORRES, SR. has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Exhibit 1, Standard Form 95.

5. This suit has been timely filed in that Plaintiff served notice of his claim on the United States of America less than two years after the incident forming the basis of this suit.

6. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) after not having received I.C.E.'s notice of denial of the administrative claim within six months.

7. This cause of action is for money damages brought pursuant to the Federal Tort Claims Act against Defendants the UNITED STATES OF AMERICA, and Defendants KRAFT RICE, and LUCIANO, Individually and as Agents of I.C.E.

8. This cause of action is for money damages brought pursuant to Illinois State Law for claims of negligence against the individual Defendants KRAFT, RICE and LUCIANO, Individually and as Agents of the I.C.E.

## **JURISDICTION AND VENUE**

9. This is an action for damages to provide for compensation and redress for the deprivation of rights and remedies as provided the Federal Tort Claims Act, the Statutes and Constitution of the State of Illinois, and remedies and relief provided under the common law.

10. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. §§1331 and 1343 because the suit arises under the Federal Tort Claims Act. This Court has supplemental jurisdiction over Plaintiffs' causes of action arising under the laws of the State of Illinois pursuant to 28 U.S.C. §1367.

11. The causes of action arose and unlawful activities occurred or were committed within the Northern District of Illinois. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because all Defendants reside in this state within the Northern District. Venue is proper in the Northern District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## **THE PARTIES**

12. At all times relevant, Plaintiff, FELIX TORRES, SR. was a legal permanent resident of the United States and a resident of the City of Chicago, County of Cook, State of Illinois.

13. At all times relevant hereto, Defendant UNITED STATES OF AMERICA, through its agent, I.C.E., operates a field office for the Northern District of Illinois located at 1 Tower Lane, #1600, Oak Brook Terrace, Illinois 60181.

14. At all times relevant hereto, Defendants KRAFT, RICE and LUCIANO, Agents of I.C.E., reside in the Northern District of Illinois and are employed at the field office located at 1 Tower Lane, #1600, Oak Brook Terrace, Illinois 60181.

15. Defendant, THE UNITED STATES OF AMERICA, may be served by delivering a copy of the summons and of the complaint to the United States Attorney for the Northern District of Illinois and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States and to Defendants.

**16.** Defendants KRAFT, RICE, and LUCIANO, Agents of I.C.E., employees of the UNITED STATES OF AMERICA and sued in their individual and official capacities as agents of the UNITED STATES OF AMERICA and sued in their individual and official capacities as agents of I.C.E., may be served by sending a copy of the summons and of the complaint by certified mail to the civil-process clerk at the United States Attorney's office, to the Attorney General of the United States, and to Defendants.

## FACTUAL BACKGROUND

**17.** On March 27, 2017, at or around 6:00 a.m., FELIX TORRES, SR., was sleeping at his home located at 6159 West Grand Avenue, in the city of Chicago, County of Cook, State of Illinois.

**18.** At that time, FELIX TORRES, SR. was a lawful owner of firearms and in possession of a Firearm Owner Identification (hereinafter "FOID") card.

**19.** At or around 6:00 a.m. on March 27, 2017, FELIX TORRES, SR., was awakened when he heard an unusual commotion from outside his home, consisting of multiple voices speaking words that he could not understand.

**20.** At that time, FELIX TORRES, SR., was wearing blue shorts and was not wearing a shirt or shoes.

**21.** At that time, FELIX TORRES, SR., lawfully carried one of his firearms to his kitchen fearing for his and his family's safety, to investigate the commotion near his home.

**22.** Before opening the back door to his home, FELIX TORRES, SR., looked out a nearby window and saw, within or around his curtilage, approximately ten individuals, including Defendants KRAFT, RICE, and LUCIANO, who were wearing black uniforms that displayed the letters "I.C.E." across their chests.

23. Upon observing these agents, FELIX TORRES, SR., placed his firearm on a table out of reach and out of sight of the back door, and unarmed, walked back to open the back door to his home.

24. FELIX TORRES, SR. opened the back door of his home, without a firearm in his hands or in sight of the officers as it was several feet away on the table.

25. Immediately after he opened the back door, Defendants KRAFT, RICE, and LUCIANO opened fire, eventually shooting FELIX TORRES, SR. in the left upper arm, the bullet traveling through his left shoulder and becoming lodged beneath the skin of his back.

26. At no time while the Defendant ICE officers shot at him did FELIX TORRES, SR. have a firearm in his hands or within reach.

27. After he was shot, FELIX TORRES, SR. fell backward into his home and fell down to the ground.

28. After shooting FELIX TORRES, SR., Defendants KRAFT, RICE, and LUCIANO, along with several other unidentified agents of I.C.E., stormed the home and proceeded to kick FELIX TORRES, SR. in the torso, causing one rib to crack and his lungs to fill with fluid.

29. After shooting FELIX TORRES, SR., Defendants KRAFT, RICE, and LUCIANO seized property belonging to FELIX TORRES, SR.

30. After he was shot, FELIX TORRES, SR., was taken by ambulance to Stroger Hospital for treatment of his injuries, including but not limited to, the gunshot wound to his arm, and his internal injuries resulting from being repeatedly kicked by Defendants KRAFT, RICE, and LUCIANO.

31. After being transported to Stroger Hospital and after having received treatment, FELIX TORRES, SR., was handcuffed to a hospital gurney.

32. After being transported to Stroger Hospital and after having received treatment, FELIX TORRES, SR., was prevented from seeing his family, remained cuffed to the gurney by his ankles, and was guarded by two Chicago Police Department Officers at the direction of I.C.E.

33. Following the shooting, FELIX TORRES, SR. was never charged with any crime and was ultimately released.

34. Following the shooting, the property of FELIX TORRES, SR. was not returned to him.

35. As a result of the shooting and collective actions of the Defendants, FELIX TORRES, SR. experienced violations of his 4th and 5th Amendment Rights under the United States Constitution.

### COUNT I – Federal Tort Claims Act – Negligence
**(Torres v. Defendants Kraft, Rice, and Luciano as agents of the United States of America, and the United States of America)**

36. Plaintiff hereby incorporates by reference paragraphs all preceding paragraphs as though fully stated and pled herein.

37. That at all times relevant hereto, Defendants UNITED STATES OF AMERICA, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to Defendants, KRAFT, RICE, and LUCIANO owed a duty of care to plaintiff to only use reasonable force upon civilians, including FELIX TORRES, SR.

38. Defendants KRAFT, RICE, and LUCIANO at all relevant times, were acting within the scope of their employment with I.C.E.

6

**39.** Defendants KRAFT, RICE, and LUCIANO, individually and as officers, agents and/or employees of Defendants UNITED STATES OF AMERICA and I.C.E., breached the aforementioned duty by committing one or more of the following negligent actions:

   a. Pointed his weapon at FELIX TORRES, SR., under circumstances where he posed no immediate threat or danger either to KRAFT, RICE, LUCIANO, or the public;

   b. Placed his finger on the trigger of his service weapon while pointing his weapon at FELIX TORRES, SR., under circumstances where he posed no immediate threat or danger to either KRAFT, RICE, LUCIANO, or the public;

   c. Used deadly force against FELIX TORRES, SR., under circumstances where he posed no immediate threat or danger either to KRAFT, RICE, LUCIANO, or the public;

   d. Shot FELIX TORRES, SR., in left arm, under circumstances where he was posing no immediate threat or danger to KRAFT, RICE, LUCIANO, or the public;

   e. Used deadly force against FELIX TORRES, SR., shooting him in left arm under circumstances where KRAFT, RICE, and LUCIANO knew that the decedent did not possess a firearm;

   f. Used deadly force against FELIX TORRES, SR., shooting him in left arm under circumstances where KRAFT, RICE, and LUCIANO knew that the FELIX TORRES, SR., did not possess a knife;

   g. Applied physical force in excess of the force permitted by law and the policies of the I.C.E.;

   h. Used deadly force against FELIX TORRES, SR., shooting him in the left arm under circumstances where KRAFT, RICE, and LUCIANO knew TORRES, SR. was not wanted for a violent felony or misdemeanor;

   i. Used deadly force against FELIX TORRES, SR., shooting him in the left arm under circumstances where KRAFT, RICE, and LUCIANO knew that the TORRES, SR., did not possess any weapon;

   j. Kicked FELIX TORRES, SR., repeatedly in the torso, under circumstances where he was posing no immediate threat or danger to KRAFT, RICE, LUCIANO, or the public;

   k. Kicked FELIX TORRES, SR., repeatedly in the torso under circumstances where KRAFT, RICE, and LUCIANO knew that TORRES, SR., did not possess a firearm;

    l. Kicked FELIX TORRES, SR., repeatedly in the torso under circumstances where KRAFT, RICE, and LUCIANO knew that TORRES, SR., did not possess a weapon;

    m. Kicked FELIX TORRES, SR., repeatedly in the torso under circumstances where KRAFT, RICE, and LUCIANO knew that TORRES, SR., had just been shot and required medical attention;

    n. Denied FELIX TORRES, SR. immediate medical attention despite his open and obvious injuries; and,

    o. Confiscated and held the property of FELIX TORRES, SR. without legal justification; and,

    p. Detained and held FELIX TORRES, SR., without legal justification.

39. As a direct and proximate result of one or more of the foregoing acts or omissions of Defendants UNITED STATES OF AMERICA and I.C.E, the FELIX TORRES, SR., sustained substantial injuries.

WHEREFORE, Plaintiff, FELIX TORRES, SR., respectfully requests that this Court enter judgment against Defendants UNITED STATES OF AMERICA, and NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO, Individually and as Agents of I.C.E., awarding compensatory damages, including but not limited to medical expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

### COUNT II– Federal Tort Claims Act – Battery
**(Torres v. Defendants Kraft, Rice, and Luciano as agents of the United States of America, and the United States of America)**

40. Plaintiff hereby incorporates by reference paragraphs all proceeding paragraphs as though fully stated and pled herein.

41. The aforementioned conduct of Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., resulted in a contact with FELIX TORRES, SR.'s, person.

8

42. The contact made by Defendants KRAFT RICE, and LUCIANO, as Agents of the United States of America and I.C.E., with FELIX TORRES, SR. was intentional.

43. The contact made by Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., with FELIX TORRES, SR. was unpermitted.

44. The contact made by Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., with FELIX TORRES, SR. was offensive.

45. The contact made by Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., with FELIX TORRES, SR. was made without TORRES, SR.'s consent.

46. As a result of Defendants KRAFT, RICE, and LUCIANO's intentional, unpermitted, and offensive contact, FELIX TORRES, SR., experienced conscious pain and suffering.

47. As a result of Defendants KRAFT, RICE, and LUCIANO's intentional, unpermitted, and offensive contact, FELIX TORRES, SR., was forced to incur medical bills, undergo extensive medical treatment, suffered lost wages, and will be forced to incur future medical costs and future pain and suffering.

WHEREFORE, Plaintiff, FELIX TORRES, SR., respectfully requests that this Court enter judgment against Defendants UNITED STATES OF AMERICA, and NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO as Agents of the United States of America and I.C.E., awarding compensatory damages, including but not limited to medical expenses and attorneys' fees, and for any further relief this Court deems just.

**COUNT III-Federal Tort Claims Act – False Arrest**
**(Torres v. Defendants Kraft, Rice, and Luciano as agents of the United States of America, and the United States of America)**

48. Plaintiff hereby incorporates by reference paragraphs all proceeding paragraphs as though fully stated and pled herein.

49. The aforementioned conduct of Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., resulted in FELIX TORRES, SR.'s, being restrained.

50. The aforementioned conduct of Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., resulted in FELIX TORRES, SR.'s, being arrested.

51. The aforementioned conduct of Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., was intentional.

52. The aforementioned conduct of Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., was unpermitted.

53. The aforementioned conduct of Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., was without FELIX TORRES, SR.'s consent.

54. The aforementioned conduct of Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., was taken without having reasonable ground to believe that an offense was committed by FELIX TORRES, SR.

55. As a result of Defendants KRAFT, RICE, and LUCIANO's intentional restraint and arrest FELIX TORRES, SR., suffered injuries, including being deprived of his right to see his family in the hospital after he was shot, being cuffed to the gurney by his ankles, being falsely arrested, physical pain and suffering, mental pain and suffering, emotional distress, disability, and loss of a normal life.

56. As a result of Defendants KRAFT, RICE, and LUCIANO's intentional, unpermitted, and offensive restraint and arrest of, FELIX TORRES, SR., was forced to incur medical bills, undergo extensive medical treatment, suffered lost wages, and will be forced to incur future medical costs and future pain and suffering.

WHEREFORE, Plaintiff, FELIX TORRES, SR., respectfully requests that this Court enter judgment against Defendants UNITED STATES OF AMERICA, NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO, as Agents of the United States of America and I.C.E., awarding compensatory damages, including but not limited to medical expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

### COUNT IV – Federal Tort Claims Act – Intentional Infliction of Emotional Distress
**(Torres v. Defendants Kraft, Rice, and Luciano as agents of the United States of America, and the United States of America)**

57. Plaintiff hereby incorporates by reference paragraphs all proceeding paragraphs as though fully stated and pled herein.

58. As a direct and proximate result of one or more of the foregoing negligent acts and omissions of the Defendants, UNITED STATES OF AMERICA, Kraft, Rice and Luciano, as Agents of the United States of America and I.C.E., FELIX TORRES, SR. was caused to be in fear of his life and safety as a result of multiple gunshots being fired at him in his home while he was unarmed.

59. The actions of Defendants KRAFT, RICE, and LUCIANO, acting as agents, servants, or employees of I.C.E., as set forth above, constitutes objectively extreme and outrageous conduct, and were done deliberately, intentionally with malice, willfulness, and reckless indifference to the rights and safety of FELIX TORRES, SR..

60. Defendants KRAFT, RICE, and LUCIANO, as Agents of the United States of America and I.C.E., through the aforementioned conduct, intended that the conduct should inflict severe emotional distress and/or knew there was a high probability that the conduct would cause severe emotional distress to FELIX TORRES, SR.

61. The conduct of I.C.E. and the United States of America as Agents of the United States of America and I.C.E., did in fact cause FELIX TORRES, SR. to suffer severe emotional distress, incurred damages for medical treatment and has suffered, and will continue to suffer, great losses of a personal and pecuniary nature in the past, as well as into the future.

WHEREFORE, Plaintiff, FELIX TORRES, SR., respectfully requests that this Court enter judgment against Defendants UNITED STATES OF AMERICA, NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO, Individually and as Agents of I.C.E., awarding compensatory damages, including but not limited to medical expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

### COUNT V – Federal Tort Claims Act – Negligent Infliction of Emotional Distress
**(Torres v. Defendants Kraft, Rice, and Luciano as agents of the United States of America, and the United States of America)**

62. Plaintiff hereby incorporates by reference paragraphs all proceeding paragraphs as though fully stated and pled herein.

63. ICE officials have a duty to ensure that they have probable cause that an individual is an alien before arresting that individual.

64. ICE officers have a duty to reasonably investigate whether an individual is a U.S. citizen before arresting that individual as a removable alien.

65. As ICE officials, Defendants KRAFT, RICE, and LUCIANO, breached these duties in the scope and course of their employment with the United States.

66. In the alternative, Mr. Torres' injury, unlawful arrest, and detention constitutes conduct that ordinarily does not occur in the absence of negligence, and the instrumentality or agents that caused Mr. Torres' injury, unlawful arrest, and detention were under the exclusive control of Defendants. Therefore, Defendants' negligence may be presumed under the doctrine of *res ipsa loquitur*.

67. As a proximate and reasonably foreseeable result of Defendants' negligence, Mr. Torres suffered physical injuries, pain and suffering, and severe mental, emotional and psychological anguish.

WHEREFORE, Plaintiff, FELIX TORRES, SR., respectfully requests that this Court enter judgment against Defendants UNITED STATES OF AMERICA, NOLAN KRAFT, ERIC RICE, and SIXTO LUCIANO, as Agents of the United States of America and I.C.E., awarding all damages which are the natural and proximate result of the tort, including but not limited to medical expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

    Respectfully Submitted,
    ROMANUCCI & BLANDIN, LLC


    /s/ Bhavani Raveendran_____
    Bhavani Raveendran

Antonio M. Romanucci
Bruno M. Marasso
Bhavani Raveendran
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, Illinois 60654
(312) 458-1000
(312) 458-1004 *facsimile*
b.raveendran@rblaw.net

Ian M. Barney

Barney & Hourihane, LLP
53 W. Jackson Blvd., Suite 1215
Chicago, IL 60604
Tel: (312) 854-0906
Fax: (312) 873-4388
ian@barneyhourihane.com

Thomas C. Hallock
Hallock Law, Inc.
53 W. Jackson Blvd.
Suite 1424
Chicago, IL 60604
P: (312) 487-2441
F: (312) 300-7947
tom@chicagobestdefense.com